ADAM A. HUTCHINSON (State Bar No. 190992)
aah@severson.com
ELIZABETH C. FARRELL (State Bar No. 280056)
ecf@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MICHAEL J. STEINER (State Bar No. 112079)
mjs@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
AXOS FINANCIAL, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING PARK LLC,<br><br>      Plaintiff,<br><br>      vs.<br><br>AXOS FINANCIAL, INC., a corporation, HAMILTON INSURANCE DAC, a corporation, and Does 1 through 10,<br><br>      Defendants. | Case No. 3:21-cv-01347-W-BLM<br>Hon. Judge Thomas J. Whelan<br>Courtroom 3C (3rd Floor)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) and 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>***Filed Concurrently With Request for Judicial Notice; Declaration of Derrick Walsh***<br><br>NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)<br><br>Date:    November 8, 2021<br>Ctrm:   3C<br><br>Complaint Filed:  July 27, 2021<br>Trial Date:     None Set |

12910.0005/15915419.3

Case No. 3:21-cv-01347-W-BLM
NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) and 12(b)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

<u>**NOTICE OF MOTION**</u>

**PLEASE TAKE NOTICE** that on November 8, 2021,[1] or as soon thereafter as the matter may be heard in Courtroom 3C, of the United States District Court for the Southern District of California, located at Edward J. Schwartz, United States Courthouse, 221 West Broadway, San Diego, California 92101, Defendant Axos Financial, Inc. ("Defendant") will move and hereby does move the Court for an order dismissing the claims asserted in Plaintiff Sterling Park LLC's ("Plaintiff") First Amended Complaint ("FAC").  Defendant makes this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the third cause of action for fraud and fourth cause of action for violation of the Racketeer Influenced and Corrupt Organizations Act fail to state a claim for which relief can be granted and, alternatively, that the entire FAC should be dismissed on the basis that the Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, Request for Judicial Notice, and such other and further evidence as may be presented to the Court at or before the time set for the hearing on this matter.

DATED:  September 29, 2021        SEVERSON & WERSON
                                  A Professional Corporation


                                  By:    */s/ Elizabeth C. Farrell*
                                         ELIZABETH C. FARRELL

                                  Attorneys for Defendant
                                  AXOS FINANCIAL, INC.

---

[1] As noted on the caption and the Court's Chambers Rules, no oral argument is required unless requested by the Court.

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

3      Plaintiff Sterling Park LLC ("Plaintiff") filed this action to challenge lender-

4  placed insurance that was obtained in connection with a commercial loan.  But, the

5  First Amended Complaint ("FAC") is inadequate in almost every respect.

6      First, Plaintiff sued the wrong entity.  The FAC incorrectly names Axos

7  Financial, Inc. as a defendant.  The loan and insurance dispute is between Plaintiff

8  and an entirely different entity—Axos Bank.

9      Second, Plaintiff fails to adequately plead a RICO or fraud claim.  The

10  insurance dispute upon which this case is premised was originally framed as a

11  RESPA violation for the purpose of invoking federal jurisdiction.  Faced with law

12  clearly stating that RESPA does not apply to commercial loans (*see* Dkt. 6), Plaintiff

13  recast that claim as a RICO violation in this latest iteration of the pleadings.  But,

14  the RICO claim fails as well, as it is based on nothing more than a discrete and run-

15  of-the-mill insurance dispute stemming from a commercial loan—not organized

16  crime.  For this reason, the FAC does not, and cannot, plead the elements of a RICO

17  claim, much less plead it with the requisite particularity.  Like the RICO claim, the

18  fraud claim lacks the requisite particularity, and should be dismissed too.

19      Finally, the FAC is plagued by jurisdictional issues.  The sole federal claim

20  (RICO) is not viable and, as a result, the Court should decline to exercise

21  supplemental jurisdiction of the remaining, state law claims, as they predominate the

22  litigation.  There is no diversity jurisdiction to salvage the case either.  Axos

23  Financial, Inc. was likely named to establish complete diversity—but is a sham

24  defendant.  The entity that was actually involved in the subject loan transaction and

25  insurance dispute is Axos Bank, which breaks complete diversity among the parties.

26      For these reasons, Defendant Axos Financial, Inc. respectfully requests that

27  the Court grant its Motion to Dismiss pursuant to Rule 12(b)(1) or 12(b)(6).

28

## II.  LEGAL STANDARDS

**A.     Rule 12(b)(1) Motion To Dismiss**

A complaint in a federal action must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." FED. R. CIV. PROC. 8(a)(1). A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction over an action.  The motion may be made on the basis that the complaint, on its face, fails to establish grounds for federal subject matter jurisdiction as required by Rule 8(a)(1).  *See Warren v. Fox Family Worldwide, Inc.*, 328 F3d 1136, 1139 (9th Cir. 2003).

If the plaintiff is the party invoking the court's jurisdiction, it bears the burden of proof on the necessary jurisdictional facts.  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).  And, the court presumes lack of jurisdiction until the plaintiff proves otherwise.  *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). Rule 12(b)(6) Motion To Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claim or claims stated in the complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  As such, the court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy.  *Id.*  So, a Rule 12(b)(6) motion is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  "[A] complaint must contain enough factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570).

## III.  RELEVANT FACTS

The following is a summary of allegations, taken from the FAC and attachments thereto:

In March 2020, Plaintiff refinanced commercial property in Highland,

1  California with a $709,000 loan from "AXOS® BANK, a federally chartered
2  savings association."  FAC at 2:23-28, ¶ 15 and Dkt 10-4.  The deed of trust
3  provides that, if Plaintiff fails to secure insurance as required by the lender, then the
4  lender may procure insurance at Plaintiff's sole cost and expense.  Dkt. 10-4 § 6.10
5  (Insurance Coverage). Between April and December 2020, Plaintiff claims to have
6  maintained its own insurance.  FAC ¶ 16.

7        In December 2020, Axos Bank[2] requested proof of insurance.

8        In March 2021, Axos Bank discovered a discrepancy with the property
9  address on Plaintiff's proof of insurance.  FAC ¶ 19.  Specifically, it determined the
10  property was incorrectly identified as being located in San Bernardino rather than
11  Highland, California.  *See* FAC ¶ 19 and Dkt. 10-6, 10-7, 10-16.  And, the deed of
12  trust identifies the property as being located in Highland.  *See* FAC 10-4, Ex. A.
13  The proof of insurance, including declarations evidencing flood insurance, attached
14  to the FAC confirm the property was misidentified as being located in San
15  Bernardino rather than Highland.  *See* Dkt. 10-6, 10-7, 10-16.

16        That month, Axos Bank obtained lender-placed insurance policies.  *See* FAC
17  ¶ 18, Dkt. 10-10.  Plaintiff claims to have been charged $6,711.57 per month for
18  lender-placed insurance since May 2021, but the statements attached to the FAC do
19  not bear this out.  *See* FAC ¶ 23; Dkt. 10-13.

20  ### IV.  THE FAC WRONGLY NAMES
     ### AXOS FINANCIAL, INC. AS A DEFENDANT
21

22        This case involves a commercial loan transaction and related insurance
23  dispute.  *See* FAC.  That transaction and dispute are between Plaintiff and "AXOS®
24

_____

25  [2] Even though Plaintiff describes Axos Financial, Inc. as performing the alleged
26  actions in the FAC, Defendant references Axos Bank here because, contrary to the
   FAC, the exhibits identify Axos Bank as the purported actor.  *See Thompson v.*
27  *Illinois Dept. of Professional Regulation*, 300 F3d 750, 754 (7th Cir. 2002) (noting
   that, when exhibits contradict the pleadings, the exhibits "trump[] the allegations.").
28

1    BANK, a federally chartered savings association." *See generally* FAC; Dkt. 10-4 at

2    p. 2 of 49; Dkt. 10-9 and 10-11 (naming Axos Bank has having an "additional

3    interest" in the policy); Dkt. 10-10 (communications from Axos Bank); Dkt. 10-13

4    (statements from Axos Bank), Dkt. 10-14 (promissory note naming Axos Bank as

5    lender).[3]

6           But, Plaintiff's claims are asserted against an entirely separate and distinct

7    entity—Axos Financial, Inc.  The entity designation is sufficient to prove that Axos

8    Bank and Axos Financial, Inc. are not one and the same.  However, the FDIC and

9    California Secretary of State websites also confirm that Axos Financial, Inc. is a

10   separate corporation that is the holding company for Axos Bank.  *See* RJN Ex. A

11   (FDIC website identifying Axos Financial, Inc. as the holding company for Axos

12   Bank), Ex. B (Secretary of State website).

13          Because Plaintiff's claims are asserted against an entity having no

14   relationship to the transaction or dispute at the heart of this case, the FAC should be

15   dismissed in its entirety.

16               **V.  THE RICO CLAIM IS FATALLY FLAWED**

17          Plaintiff's fourth cause of action—the lone federal claim—attempts to assert a

18   violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C

19   § 1962 ("RICO") against Axos.  Regardless of whether this claim were asserted

20   against Axos Bank or Axos Financial, Inc., it falls far short of satisfying the required

21   elements.

22          "Congress enacted RICO 'to **combat organized crime**, not to provide a

23

24   ────────────────

25   [3] Each of the statements, insurance documents, and the promissory note attached to
the FAC refer to Axos Bank, not Axos Financial, Inc. *See, e.g.*, Dkt. 10-4, 10-6, 10-

26   7, 10-9, 10-16. And, "[i]n ruling on a 12(b)(6) motion, a court may generally
consider . . . exhibits attached to the complaint…."  *Swartz v. KPMG LLP*, 476 F.3d

27   756, 763 (9th Cir. 2007); s*ee also* Fed. R. Civ. Proc. 10(c) ("A copy of a written

28   instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

1   federal cause of action and treble damages' for personal injuries. [Citation]."

2   *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086-1087 (9th Cir. 2002) (emphasis

3   added).  To prevail on a civil RICO claim under 18 U.S.C § 1962(c), a plaintiff must

4   prove the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern

5   (4) of racketeering activity or the collection of unlawful debt (*i.e.*, a predicate act)

6   and, additionally, must establish that (5) the defendant caused injury to plaintiff's

7   business or property. 18 U.S.C. §§ 1962 (c), 1964 (c); *Sedima, S.P.R.L. v. Imrex*

8   *Co.*, 473 U.S. 479, 496 (1985).  In addition, a plaintiff must meet the pleading

9   requirements of Rule 9(b) of the Federal Rules of Civil Procedure if the RICO claim

10  is based upon allegations of fraud.  *See, e.g.*, *Edwards v. Marin Park, Inc.*, 356 F.3d

11  1058, 1065-66 (9th Cir. 2004) (Rule 9(b) "applies to civil RICO fraud claims").

12  Plaintiff's fourth cause of action contains little more than conclusions and

13  statutory text.  Indeed, it makes no effort to plead the basic elements of a RICO

14  claim, warranting dismissal.

15  Granting leave to amend would be futile because this defect cannot be

16  corrected.  This claim stems from nothing more than an isolated, business dispute

17  concerning a contractual provision, not the unearthing of an organized crime ring.

18  As a result, the fourth cause of action should be dismissed.[4]

19  **A.     This Case Involves a Commercial Contract Dispute—Not Organized**
20  **Crime**

21  As an initial matter, the fourth cause of action should be dismissed because it

22  alleges nothing more than a discrete, isolated, business dispute relating to the

23  procurement of lender placed insurance.  *See* FAC ¶¶ 40-44, and Dkt 10-4 (deed of

24  trust permitting procurement of lender placed insurance).  Plaintiff claims Axos

25

26  _____

27  [4] Sanctions under Rule 11 may be properly awarded against a civil RICO plaintiff
    whose complaint has been dismissed for failure to state a claim.  *See MGIC Indem.*
28  *Corp. v. Weisman*, 803 F.2d 500 (9th Cir. 1986).

requested proof of insurance and, when that proof was deemed inadequate, obtained its own policy as allowed by contract.  *See* Dkt. 10-4.  Courts have overwhelmingly rejected these types of allegations—stemming from routine commercial, contractual relationships—as being sufficient to sustain a RICO claim.  *See. e.g., Sanchez v. Triple-S Mgmt. Corp*., 492 F.3d 1, 12 (1st Cir. 2007) ("[B]reach of contract itself [does not] constitute a scheme to defraud."); *Perlman v. Zell*, 185 F.3d 850, 853 (7th Cir. 1999) ("Breach of contract is not fraud, and a series of broken promises therefore is not a pattern of fraud. It is correspondingly difficult to recast a dispute about broken promises into a claim of racketeering under RICO."); *Annulli v. Panikkar*, 200 F.3d 189, 200 (3d Cir. 1999) ("[I]f garden-variety state law crimes, torts, and contract breaches were to constitute predicate acts of racketeering (along with mail and wire fraud), civil RICO law, which is already a behemoth, would swallow state civil and criminal law whole.  Virtually every litigant would have the incentive to file their breach of contract and tort claims under the federal civil RICO Act …."), *abrogated on other grounds by Forbes v. Eagleson*, 228 F.3d 471 (3d Cir. 2000); *Gomez v. Guthy-Renker, LLC*, No. EDCV 14-01425 JGB (KKx), 2015 U.S.Dist.LEXIS 90725, at *22-23 (C.D. Cal. July 13, 2015) (routine commercial relationships cannot sustain a RICO claim); *Royce Int'l Broad. Corp. v. Field*, No. C-99-4169-SI, 2000 WL 236434, at *6 (N.D. Cal. Feb. 23, 2000) ("To the extent that plaintiff's allegations of mail or wire fraud are little more than allegations of a state breach of contract claim, a RICO claim is not cognizable.").

Because this commercial contract dispute is not the type of conduct that can support a RICO claim, the fourth cause of action should be dismissed.

**B.    The RICO Elements Are Missing**

Beyond failing to allege a dispute that could plausibly sustain a RICO claim, the FAC also makes no effort to allege the particular elements of a RICO claim, as detailed below.

### 1.    Plaintiff Failed to Plead "Conduct" of a RICO "Enterprise"

Dismissal is further warranted because Plaintiff has not, and cannot, establish "conduct" of a RICO "enterprise."  18 U.S.C. § 1962(c).

### (a)    Enterprise

First, the FAC alleges no facts showing that an "enterprise" exists.  RICO defines the term "enterprise" to include (1) "any individual, partnership, corporation, association, or other legal entity," and (2) "any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).  But, 18 U.S.C. § 1962(c) applies only where a plaintiff shows the existence of two separate entities—a "person" and a distinct "enterprise."  *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 160, 121 S. Ct. 2087, 2089 (2001).

Since the FAC names both Axos Financial and Hamilton Insurance as defendants, each is a "person" and thus cannot also serve as the enterprise.  *Cedric Kushner Promotions, Ltd.*, 533 U.S. at 161.[5]

To the extent Plaintiff intended to allege that the various defendants were operating as an associated in fact enterprise (this is not clear), the claim still fails.  *See* FAC ¶¶ 41-42.  To plead an "association in fact" enterprise, the plaintiff must also allege: (1) a common purpose of engaging in a course of conduct; (2) an

---

[5] Plaintiff cannot allege that the enterprise consisted merely of defendants and their agents or employees.  *See, e.g., Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 121 (2d Cir. 2013) (quoting *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2d Cir. 1994)) ("reject[ing] the idea that a RICO enterprise may consist 'merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant."); *see also Living Designs, Inc. v. E.I. Dupont de Nemours & Co*., 431 F.3d 353, 361 (9th Cir. 2005) ("[I]f the 'enterprise' consisted only of DuPont and its employees, the pleading would fail for lack of distinctiveness."); *Phillips v. Lithia Motors, Inc*., No. CIV. 03-3109-HO, 2006 WL 1113608, at *10 (D. Or. Apr. 27, 2006) (dismissing RICO claim where "there are no allegations that the dealership level defendants managed this enterprise 'as a single legal entity' or 'associated in fact' separate legal entities").

1  ongoing organization, either formal or informal; and (3) facts that the associates

2  function as a continuing unit. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir.

3  2007) (citation omitted)

4        Plaintiff alleges none of these things.

5        Given the nature of the parties' alleged dispute, Plaintiff cannot establish a

6  common purpose under RICO. Indeed, "the 'common purpose' requirement is not

7  met where the allegations…are consistent only with the execution of a routine

8  contract or commercial dealing." *LD v. United Behavioral Health*, 2020 U.S. Dist.

9  LEXIS 155224, at *24 (N.D. Cal. Aug. 26, 2020); *see also Gardner v. Starkist Co.*,

10  418 F. Supp. 3d 443, 461 (N.D. Cal. 2019) ("Simply characterizing routine

11  commercial dealing as a RICO enterprise is not enough."); *Gomez v. Guthy-Renker,*

12  *LLC*, No. 14-cv-01425-JGB, 2015 U.S. Dist. LEXIS 90725, 2015 WL 4270042, at

13  *11 (C.D. Cal. Jul. 13, 2015) ("RICO liability must be predicated on a relationship

14  more substantial than a routine contract between a service provider and its client.").

15  And, here, the FAC describes nothing more than a routine contract dispute.

16        In yet another example, the FAC pleads no ongoing organization.

17        To plead an ongoing organization, Plaintiff must allege some structure for

18  making and carrying out racketeering decisions, independent from regular business

19  practices. *Quach v. Cross*, No. CV 03-09627 GAF (RZx), 2004 U.S.Dist.LEXIS

20  28981, at *24 (C.D. Cal. June 9, 2004); *Wagh v. Metris Direct, Inc.*, No. C 01-

21  01711 TEH, 2002 U.S. Dist. LEXIS 2905, at *8 (N.D. Cal. Feb. 20, 2002).  The

22  structure should provide "some mechanism for controlling and directing the affairs

23  of the group on an on-going, rather than an ad hoc, basis." *Chang v. Chen* (9th Cir.

24  1996) 80 F.3d 1293, 1299.

25        The FAC, once again, makes no attempt to allege a structure or system of

26  authority that guided the operation of any purported (but not actually pled)

27  enterprise.  *See* FAC ¶¶ 39-45.

28        Continuity is also lacking.  This requires that the "associates' behavior

evinces 'ongoing rather than isolated activity.' [Citations]." *Monterey Bay Military Hous., LLC v. Pinnacle Monterey LLC*, 116 F. Supp. 3d 1010, 1045 (N.D. Cal. 2015).  The plaintiff " 'must prove either a series of related predicates extending over a substantial period of time, *i.e.*, closed-ended continuity, or past conduct that by its nature projects into the future with a threat of repetition, *i.e.* open-ended continuity.' " *Bondit, Ltd. Liab. Co. v. Hallows Movie, Inc.*, No. CV 19-09832-AB (RAOx), 2020 U.S. Dist. LEXIS 245899, at *22-23 (C.D. Cal. Apr. 1, 2020). "The . . . requirement is related to the notion that RICO was not meant to address **discrete instances** of fraud or criminal conduct." *Bryant v. Mattel, Inc.*, 573 F. Supp. 2d 1254, 1263 (C.D. Cal., 2007) (emphasis added); *see also Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (finding an "almost two-year time span" was adequate to establish that the defendants had functioned as a continuing unit).

The FAC is devoid of any such facts.  The thinly pled allegations establish only that the conduct at issue is discrete and isolated.  It is nothing more than a contract dispute relating to procurement of lender placed insurance as a direct response to a single borrower's apparent failure to evince adequate proof of same. *See* FAC ¶ 44.   This is not sufficient to establish the continuity required to sustain a RICO claim.

Because Plaintiff does not plead the existence of an enterprise, the RICO claim should be dismissed.

### (b)   Conduct

The FAC similarly offers no facts establishing "conduct" of an enterprise.

Section 1962(c) requires proof that the defendant "conduct or participate" in the conduct of the alleged RICO enterprise.  18 U.S.C. § 1962(c).  The Supreme Court has interpreted this section as imposing a burden of proving that the defendant had some "part in directing [the enterprise's] affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179, 113 S. Ct. 1163, 1170 (1993).  In other words, a defendant can only be liable for conducting the enterprise's affairs, not for just conducting its own

1   affairs. *Cedric Kushner Promotions, Ltd.*, 533 U.S. at 163.

2        There are no allegations that, even if liberally construed, could be interpreted

3   as satisfying this requirement.  *See* FAC.

4        **2.**      **Plaintiff Fails to Clearly Allege a Predicate Act**

5        Also absent from the FAC is the clear assertion of a predicate act under

6   RICO.  Although the FAC notes that RICO prohibits racketeering activity and the

7   collection of unlawful debt, it fails to clearly allege whether Plaintiff contends one

8   or both categories of conduct form the predicate act(s) giving rise to the RICO claim

9   at hand.  *See* FAC ¶¶ 41-42.  This failure is yet another reason the RICO claim

10   should be dismissed.

11        Indeed, "[c]ourts have dismissed RICO claims where it is not clear from the

12   complaint on which acts the plaintiffs base their RICO claim."  *Merritt v. JP*

13   *Morgan*, No. 17-CV-06101-LHK, 2018 U.S. Dist. LEXIS 69006, at \*39-40 (N.D.

14   Cal. Apr. 24, 2018); *see also Patel v. U.S. Bank, N.A.*, No. C 13-748 PSG, 2013 U.S.

15   Dist. LEXIS 100128, 2013 WL 3770836, at \*8 (N.D. Cal. July 16, 2013) ("Is the

16   RICO claim based on the allegedly fraudulent omission regarding the securitization

17   of the loan or is it based on alleged misrepresentations about the proper beneficiary

18   of the loan? The complaint does not provide the answer.").  Because the FAC offers

19   little more than statutory text and conclusions of wrongdoing—which might include

20   mail fraud, wire fraud, and/or the collection of an unlawful debt—it falls short of

21   clearly identifying a predicate act under RICO.

22        **(a)**      **No Racketeering Activity Under § 1961(1) Is Alleged**

23        Again, Defendant should not be required to guess as to what Plaintiff

24   contends the relevant "predicate act" is.

25        But, assuming Plaintiff intended to allege racketeering activity as the

26   predicate act—which requires commission of one of the predicate acts enumerated

27   in 18 U.S.C. § 1961(1)—the claim still fails.  *See* FAC ¶¶ 40-44.

28        The only "racketeering activity" mentioned in the FAC (and found in

§ 1961(1)) is mail and wire fraud.  *See* FAC ¶¶40-41.  Those statutes "are identical except for the particular method used to disseminate the fraud, and contain three elements: (A) the formation of a scheme to defraud, (B) the use of the mails or wires in furtherance of that scheme, and (C) the specific intent to defraud." *Eclectic Props. E., Ltd. Liab. Co. v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).  And, because they are based in fraud, both claims must also be alleged with the particularity required by Federal Rule of Civil Procedure 9(b).  *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

In this case, any attempt to plead racketeering activity stumbles at elements one, two, and three.

First, the FAC fails to allege the formation of a scheme to defraud—much less with particularity.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."); *Swartz v. KPMG, LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). Procuring lender placed insurance was not wrong, false, or deceptive.  The deed of trust expressly permits the lender (Axos Bank) to require flood insurance, and requires the trustor (Plaintiff) to "maintain all required insurance…in substance and form satisfactory to Lender…."  [Dkt 10-4 ¶ 6.10.] The deed of trust further provides that, if Plaintiff "fails to maintain and deliver to Lender the original policies or certificates of insurance required by this Deed of Trust… Lender may procure such insurance at Trustor's sole cost and expense." [Dkt 10-4 ¶ 6.10.]  That is exactly what happened.

Second, the FAC fails to clearly allege when or how the mail or wires were used in furtherance of any alleged scheme.  The FAC offers nothing more than the conclusion that defendants "mailed material to Plaintiff for the purpose of executing the [unidentified] scheme."  *See* FAC ¶ 41.

Third, also absent are any factual allegations showing that Axos intended to defraud the Plaintiff or anyone else.  A plaintiff pursuing a civil RICO claim

premised on mail fraud or other allegedly fraudulent predicate acts must allege and prove " 'the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension….' " *Eclectic Properties E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 997 (9th Cir. 2014).  But, here, Axos Bank simply obtained lender placed insurance—as permitted by the deed of trust— to safeguard its security interest in the subject property.  Indeed, Axos Bank also told Plaintiff exactly what needed to be corrected on Plaintiff's policy.  It is improper to try to recharacterize this contract dispute as a fraud claim.  *See* Section V.A., *supra*. Moreover, as a result Axos' transparency, it is simply implausible to characterize its conduct as fraudulent or deceptive.

Dismissal is warranted.

### (b)    No Unlawful Debt Is Alleged Either

The collection of an unlawful debt—unlawful gambling debts and usurious loans—can also constitute a predicate act under RICO.  *See* 18 U.S.C. § 1961(6); *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 665-66 (9th Cir. 1988) (allegation that debt was unlawful for reasons other than gambling or usury did not state a RICO claim).  The FAC makes note of this (FAC ¶ 42), but Plaintiff fails to connect this statement to any of the defendants' actions.  This is likely because there is no connection to be made.  The case takes issue with an insurance policy, not the collection of an unlawful debt or loan.  *See, generally,* FAC.

In sum, in a desperate effort to invoke federal jurisdiction, Plaintiff's fourth cause of action improperly tries to characterize an ordinary, contractual, business dispute as a RICO violation.  Because this is not the type of conduct that can sustain a RICO claim, and the FAC fails to plead the required elements, dismissal is warranted.

///

///

# VI.  THE FAC'S JURISDICTIONAL ISSUES

Like the original complaint, the FAC is plagued by jurisdictional defects. Plaintiff claims the Court has federal question jurisdiction as a result of its RICO claim.  *See* FAC.  Because that claim is not viable (*see* Section V, *supra*), this Court should decline to exercise supplemental jurisdiction of the remaining state law claims, and dismiss this case.

Although the FAC tries to prevent dismissal by asserting that the Court also has diversity jurisdiction, complete diversity simply does not exist.  As there is no separate basis for jurisdiction, dismissal pursuant to Rule 12(b)(1) is warranted.

## A.     The Court Should Decline to Exercise Supplemental Jurisdiction

If the case is not outright dismissed because Plaintiff sued the wrong defendant and, assuming the Court dismisses Plaintiff's RICO claim, it should decline to exercise supplemental jurisdiction over the remaining state law claims, as they predominate the litigation.

Under 28 U.S.C. § 1367(c), a district court may use its discretion to decline supplemental jurisdiction over a state law claim if the "district court has dismissed all claims over which it has original jurisdiction," or if the claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" (among other reasons).  12 U.S.C. § 1367(c)(2)-(3).

Here, the Court should decline to exercise jurisdiction because, like the original complaint, the FAC asserts no viable federal claim.  *See* Section V, *supra*. Indeed, "'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.' [Citation]."  *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997); *see also Singleton v. Legal Aid Soc'y,* No. 14CV1896 BEN (NLS), 2014 U.S.Dist.LEXIS 148169, at *2, fn. 1 (S.D. Cal. Oct. 16, 2014) ("[T]he Court cannot exercise supplemental jurisdiction over a state law claim when diversity or federal question jurisdiction is lacking.").

State issues also predominate the litigation and, as a result, would be more appropriately dismissed and left for the state court to resolve. *Contemporary Servs. Corp. v. Hartman*, No. 08-02967 AHM (JWJx), 2008 U.S.Dist.LEXIS 118530, at *10 (C.D. Cal. Aug. 4, 2008). "Generally, a district court will find substantial predomination where 'it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage. [Citation]' " *Id.*

Here, Plaintiff's state law claims comprise four of the FAC's five causes of action. And, they each stem from a contractual/insurance dispute and alleged misrepresentations related thereto, which are governed by California law. *See* FAC. The RICO claim, too, appears to stem from the lender placed insurance dispute, which is governed by contract. So, state issues predominate both in number and in scope. *Id.* at 15 (" 'Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.' [Citation].")

Moreover, as established above, the RICO claim (like its predecessor RESPA claim) entirely lacks merit. As a result, it is arguably nothing more than an appendage to the state claims that was utilized to—improperly—attempt to invoke federal jurisdiction.

Axos Financial therefore requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismiss this action.

**B.    There Is No Diversity Jurisdiction**

In an effort to avoid dismissal, the FAC separately claims the Court has diversity jurisdiction.[6]  But, complete diversity is lacking.

The FAC claims Plaintiff is a limited liability company whose members are

---

[6] This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) when there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

citizens of New York and California, and that Defendant Hamilton Insurance is a foreign corporation registered in Ireland. FAC 2:12-14 and ¶ 1. Axos Bank's citizenship, however, breaks complete diversity.

As explained above, the transaction and dispute at issue in this case is exclusively between Plaintiff and **Axos Bank**, a federally chartered savings association. *See* Dkt. 10-4. In lieu of Axos Bank, the FAC wrongly names **Axos Financial, Inc.**, as a defendant, which is a Delaware corporation[7] with corporate headquarters in Nevada. *See* Decl. Derrick Walsh. As stated above, Axos Financial, Inc. had no involvement whatsoever with the subject loan transaction, or the lender placed insurance dispute. *See* FAC. Axos Financial, Inc. is therefore, at best, a sham defendant.

Indeed, there is simply no possibility that Plaintiff could establish a claim against Axos Financial, Inc. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (noting that, to be a "sham" defendant, the failure to state a claim against that defendant must be "obvious" under settled state law); *see also Vera v. Con-Way Freight, Inc.*, No. CV 15-874 AJW, 2015 U.S. Dist. LEXIS 45424, at *1 (C.D. Cal. Apr. 6, 2015) (a "sham defendant" must be disregarded for purposes of determining whether diversity of citizenship jurisdiction exists). Moreover, Axos Financial, Inc. is merely the holding company for Axos Bank and, as such, cannot be liable for Axos Bank's conduct. *See Akhtar v. JPMorgan Chase & Co.*, 2019 NY Slip Op 32646(U), ¶ 5 (Sup. Ct.) (a holding company cannot be held liable for a bank-subsidiary's alleged misconduct).

As a result, it appears Plaintiff is continuing to name Axos Financial, Inc. as a defendant for the sole purpose of attempting to manufacture diversity jurisdiction.

---

[7] The FAC identifies Axos Financial, Inc. as a California corporation. FAC at 2:1. Although this is incorrect, the allegations as appearing on the face of the FAC fail to establish diversity jurisdiction.

1  This is improper.  The citizenship of Axos Financial, Inc. should not be considered

2  in the diversity analysis.[8]

3         Had Plaintiff named the correct entity—Axos Bank—as a defendant, diversity

4  jurisdiction would not exist.  Axos Bank is a federally chartered savings association

5  with its home office in California.  *See* Decl. Derrick Walsh; *see also* 12 U.S.C.

6  § 1464(x).  In other words, it is a citizen of California.  *See Losurdo v. JPMmorgan*

7  *Chase Bank, N.A.*, No. LA CV16-01409 JAK (AGRx), 2016 U.S. Dist. LEXIS

8  61302, at *7-8 (C.D. Cal. May 6, 2016).  Because Plaintiff and the true defendant—

9  Axos Bank—are both citizens of California, the Court lacks diversity jurisdiction

10  over the claims at hand.[9]

11         For these reasons, the FAC should be dismissed pursuant to Rule 12(b)(1).

## VII.  THE FRAUD CLAIM LACKS SPECIFICITY

13         Even if the correct defendant were sued and the Court had subject matter

14  jurisdiction over Plaintiff's claims, the fraud claim (third cause of action) should be

15  dismissed on the merits because it lacks the requisite specificity.

16         Under California law, the indispensable elements of a fraud claim include:

17  (1) a false representation; (2) knowledge of its falsity; (3) intent to defraud;

18  (4) justifiable reliance; and (5) damages.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

19  1097, 1105 (9th Cir. 2003).

20         In addition, Rule 9(b) requires fraud claims to be alleged with particularity.

21  "Circumstances that must be stated with particularity pursuant to Rule 9(b) include

22  the 'time, place, and specific content of the false representations as well as the

23  _____

24  [8] The FAC fails to clearly or sufficiently plead Axos Financial, Inc.'s citizenship,

25  and even incorrectly refers to it as a California corporation.  RJN Ex. B.

26  [9] If a claim is dismissed for lack of jurisdiction (e.g., diversity claim dismissed for
   lack of complete diversity), the "jurisdictional peg" for any supplemental claim is

27  eliminated, and must be dismissed.  *Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d

28  640, 646 (1st Cir. 1995).

identities of the parties to the misrepresentations.'" *CSPC Dophen Corp. v. Zhixiang Hu*, 2020 U.S. Dist. LEXIS 127516, at \*17 (E.D. Cal. July 20, 2020), citing *Sanford v. Memberworks, Inc.,* 625 F.3d 550, 558 (9th Cir. 2010).  Furthermore, " '[t]he requirement of specificity in a fraud action against [an entity] requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.' "  *McCard v. Circor Int'l*, No. 2:20-cv-00147-TLN-AC, 2021 U.S. Dist. LEXIS 63208, at \*21 (E.D. Cal. Mar. 30, 2021), citing *Tarmann v. State Farm Mut. Auto Ins. Co.* (1991) 2 Cal.App.4th 153, 157.

Here, Plaintiff's fraud claim is hopeless for a variety of reasons—including Plaintiff's failure to comply with Rule 9(b)'s particularity requirement.  Nowhere does the FAC state the "time, place, and specific content" of any alleged misrepresentation.  *See* FAC ¶¶ 34-38.  To the extent the claim is based on Plaintiff's communications with Kathleen Hudock, an alleged employee of "Provident Financial Insurance Company," the FAC fails to explain her authority to speak on behalf of Axos.  *Tarmann*, 2 Cal.App.4th at 157; *see also* FAC ¶ 17, Dkt. 10-9.

Nor is it apparent that Plaintiff relied on any such misrepresentation.  Instead, the FAC vaguely asserts that Plaintiff "complied with Defendant AXOS's request…."  FAC ¶ 36.

Because it is not clear exactly what was misrepresented, whether the claim derives from a request made by Axos (and how a request could amount to a fraudulent misrepresentation), or exactly what Plaintiff did in reliance to its detriment, dismissal is warranted.  This type of conclusory pleading is precisely what Rule 9(b) forbids.  *Albizo v. Wachovia Mortg.*, 2012 U.S. Dist. LEXIS 55985, at \*22 (E.D. Cal. Apr. 19, 2012) ("Vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s 'particularity' requirement.").

Finally, to the extent Plaintiff's fraud claim is based upon an alleged breach

of the parties commercial loan agreement, "the proper cause of action is breach of contract, not fraud." *Vepo Design Corp. v. Am. Econ. Ins. Co.*, No. CV 20-4950-MWF (JEMx), 2021 U.S. Dist. LEXIS 54098, at *1 (C.D. Cal. Feb. 11, 2021).

For these reasons, Plaintiff's fraud cause of action should be dismissed.

## VIII.  CONCLUSION

For the reasons stated above, Axos Financial, Inc. requests that its Motion to Dismiss be granted, with prejudice.


DATED:  September 29, 2021          SEVERSON & WERSON
                                    A Professional Corporation



                                    By:  ___*/s/ Elizabeth C. Farrell*___
                                          ELIZABETH C. FARRELL

                                    Attorneys for Defendant
                                    AXOS FINANCIAL, INC.